**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN GREGG | Criminal Action No. 19-410 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant John Gregg's ("Gregg") pro se Motion for Early Termination of Supervised Release. (ECF No. 3.) The United States of America (the "Government") opposed (ECF No. 5), and Gregg replied (ECF No. 6). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons below, the Court denies Gregg's Motion for Early Termination of Supervised Release.

## I.      BACKGROUND

In August 2009, Gregg pled guilty to a one-count Information charging him with possession of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B). (PSR ¶ 1.) The underlying conduct occurred over a two-month period in 2007, when Gregg sent email communications containing child pornography to several individuals, one of which was an undercover law enforcement officer. (*Id.* ¶¶ 6, 10.) After sending the illegal materials, Gregg requested that the undercover officer send him images of a minor having sex in exchange. (*Id.* ¶ 10.) Law enforcement initiated an investigation into Gregg, a then-retired police sergeant and former agent with the Monmouth County Prosecutor's Office, that culminated in a

search of Gregg's home and electronic devices. (*Id.* ¶¶ 7, 38-39.) On questioning by law enforcement, Gregg admitted to distributing those images to individuals over the internet, which he knew was illegal. (*Id.* ¶ 7.)

In October 2009, the U.S. District Court for the Eastern District of California sentenced Gregg to thirty months' imprisonment followed by 180 months' supervised release. (Judgment *7-13, ECF No. 3.)[1] His term of supervised release commenced in October 2011. (Def.'s Moving Br. *1, ECF No. 3.) Gregg now resides in Toms River, New Jersey, under the supervision of the Probation Office for the District of New Jersey.[2] He currently resides with his wife and lives "a stable and productive life, including part-time employment." (*Id.* at *2.) He has served about 125 months, or over two-thirds, of his supervised release term. (*Id.* at *1.)

In February 2022, Gregg submitted the instant motion to the Court, requesting that it consider "having [Gregg's] Supervised Release terminated early." (*Id.*) In his correspondence, Gregg highlights that he completed most of his supervision, complied with all the terms of his supervision, and participated in monthly mental health sessions. (*Id.* at *1-2.) The Government opposes Gregg's request for early termination, arguing that the relevant § 3553(a) factors, such as the nature of the offense and need to protect the public from further crimes by Gregg, weigh against granting early termination of supervised release. (Gov't's Opp'n Br. 2, ECF No. 5.) It also argues that the predominant purpose of supervised release is to allow individuals like Gregg to "reacclimate to society," "deter recidivism," and "protect the public." (*Id.* at 5.) The instant motion is now before the Court.

---

[1] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

[2] This case was reassigned to the undersigned in June 2019 as part of the transfer of Gregg's supervision. (ECF No. 1.)

## II.   <u>LEGAL STANDARD</u>

The Court may terminate a term of supervised release before its expiration under 18 U.S.C.

§ 3583(e). In relevant part, the statute reads as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e). The statute directs the Court to consider factors listed under 18 U.S.C.

§ 3553(a).[3] In deciding whether to terminate supervision early, the Court has broad discretion

under § 3583(e). *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) ("The expansive

phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys

discretion to consider a wide range of circumstances when determining whether to grant early

termination." (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014))).

After considering the § 3553(a) factors and present circumstances of a defendant, district

courts may grant early termination only if satisfied that it is "warranted by the defendant's conduct

---

[3] The § 3553(a) sentencing factors are (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *see also United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018).

and is in the interest of justice." *Id.* (citing 18 U.S.C. § 3583(e)(1)). District courts need not make express findings for each § 3553(a) factor; "rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Id.* at 53 (alteration in original) (quoting *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)). Further, as the Third Circuit clarified, the Court need not find an exceptional or extraordinary circumstance to grant early termination. *Id.* Nor is it a requirement that the defendant present a new or unforeseen occurrence that arose since the original sentencing. *Id.* "In other words, extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." *Id.* (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)).

Generally, because the imposition of an original sentence should be "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), courts "expect that something will have changed in the interim that would justify an early end to a term of supervised release," though fulfilling this expectation is not required. *Melvin*, 978 F.3d at 53. Conversely, a defendant's routine compliance with the terms of supervision, although "commendable . . . is precisely what is expected of [a defendant]." *United States v. Stiso*, No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021).

III.   **DISCUSSION**

After careful review, the Court concludes that early termination of supervised release is not warranted in this case.

*First*, as a preliminary note, the Probation Office opposes early termination because Gregg "does not meet the minimal criteria for early termination because he committed a sex offense" under the applicable judicial policy statements. (Probation's Feb. 15, 2022 Correspondence (citing 8 Guide to Judicial Policy, ch. 3, § 360.20(c)).) Indeed, before Gregg was sentenced, the Probation

Office for the Eastern District of California recommended that the sentencing court impose 180 months of supervised release.[4]  (PSR ¶ 54.)

*Second*, the Court finds that the 18 U.S.C. § 3553(a) factors weigh against granting early termination. In considering the nature of the offense, child pornography is a serious crime. *See United States v. Grape*, 549 F.3d 591, 602 (3d Cir. 2008) ("[W]e have recognized the seriousness of child pornography charges."). Moreover, as to the "kinds of sentence[s] and sentencing range[s] established" for this type of offense, non-custodial sentences with lengthier supervisory periods are often utilized in cases such as this one. 18 U.S.C. § 3553(a)(4)(A). Gregg acknowledges, as well, that while on supervision he has "participated in monthly mental health sessions," complied with the terms of his conditions, and endured electronic monitoring of his internet use without violation. (Def.'s Moving Br. 2.) Put differently, Gregg has been provided with the requisite "correctional treatment" to succeed since his release from incarceration. 18 U.S.C. § 3553(a)(2)(B)-(D). On balance, a holistic review of the § 3553(a) factors weighs against granting early termination.

*Third*, after considering the sentencing factors, § 3583(e) provides that the Court "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). Starting with the latter, Gregg agreed before sentencing that a 30-month custodial sentence followed by 15 years of supervised release was reasonable. (PSR ¶ 4.) He can hardly represent now that the sentence was unjust. Instead, Gregg points to his post-release conduct and the lack of any incidents

---

[4] Gregg contends that his current probation officer represented that he will not oppose this motion. (Def.'s Moving Br. *2.) But because the applicable policies provide that Gregg does not satisfy the minimal statutory factors for early termination, the Probation Office does not recommend that the Court end his supervision prematurely. *See* 8 Guide to Judicial Policy, ch. 3, § 360.20(c).

in arguing for early termination. (Def.'s Mot. 1-2.) For example, Gregg emphasizes that he received no violations, secured part-time employment, and is otherwise living a law-abiding life. (*Id.*) In addition, he notes that he has participated in routine mental health sessions with success. (*Id.*) In other words, Gregg appears to be doing well since his release from custody. The Court commends Gregg for complying with the terms of his supervised release. That alone, however, does not warrant early termination. *See Stiso*, 2021 WL 1291648, at *3 (declining to terminate defendant's supervised release when defendant "provided no reason justifying early termination of supervised release other than compliance with the conditions of his supervision").

*Finally*, the Court finds that the interests of justice do not mandate early termination. In addition to complying with his supervisory terms, Gregg's argument for terminating supervision early is so that he may "travel with [his] wife and children on a given whim, unfettered by [his] current restrictions, vote once again," and put his conviction behind him. (Def.'s Reply Br. *2, ECF No. 6.) Although understandable that Gregg wishes to travel freely, he offered no examples of instances where the Probation Office denied his travel requests or where he experienced added hardship because of his supervision. In addition, for the instant offense, Gregg spent only a limited amount of time in the Bureau of Prisons' custody. Supervised release, therefore, remains a central part of assisting Gregg with reintegration by providing structure and supervision. Without more, "the Court remains satisfied that upon [sentencing], the imposition of [Gregg]'s sentence was appropriate 'in that it was sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a).'" *Stiso*, 2021 WL 1291648, at *2 (quoting *United States v. Ferriero*, No. 13-592, 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020)).

IV.    **CONCLUSION**

After carefully considering Gregg's motion and the relevant statutes, the Court concludes that early termination is unwarranted. The Court thus declines to exercise its discretion to terminate

the remainder of Gregg's supervised release early and denies Gregg's motion. The Court will enter

an Order consistent with this Memorandum Opinion.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**